Good morning, Sandra Lopez on behalf of Mr. Cano-Matus. Mr. Cano-Matus' conviction must be reversed because the district judge improperly permitted the government to reopen its case following a Rule 29 motion, even though that the government was fully aware of its burden, both prior to trial and prior to closing its case in chief, that it had to prove that the 2006 physical removal was connected to the valid administrative process, and even though nothing in the court's pretrial orders prevented the government from meeting this burden. The government's case in chief should not be treated as an experiment that can't be cured after the defendant has identified its failures. And I believe that's what happened here. Mr. Cano-Matus' Rule 29 motion was that the government failed to provide a connection, a link, between the physical removal in 2006 to a valid administrative process. Counsel, during the course of trial, did both counsel adhere to all of the warnings of the court about limitation of evidence, or did they go beyond? Your Honor, this was a much more complex 1326 case. There was back and forth. I think regardless of whether the defense opened the door to a specific issue, they never – I think the problem with this is it's inaccurate to say that the defense opened the door to this particular issue. Well, opened the door or went through the door that the court had closed? I don't think the door was ever closed as to the government meeting its burden that there was a connection between the 2006 removal and a valid administrative proceeding. In fact, it was welcomed. There was nothing in the pre-trial motions. Well, didn't the defendant initially object – here we have a whole series of border crossings, and didn't the – didn't your client object at trial to going through all of these because there was no indictment charging an offense as to each of them? Right. I think this is what's confusing. I think there were objections, both pre-trial and at the trial, that the government should not be permitted to produce multiple removals. The government wanted to introduce evidence of a 2001 physical removal. Ultimately – But that motion was conditionally granted, and what was the condition? The condition was – what ultimately happened is that the judge said – What was the condition imposed by the court when he granted that motion? That the defendant would not challenge that he was not – that Mr. Cano Matos was not physically removed in 2006. And then the defendant went across the line, and the government – and the court reopened, right? I can see your point, Your Honor. If the defense said – which is somewhat speculative, and I'll concede, I won't argue this issue – the defense opened the door to a 2001 physical removal. Okay. So the government said, I want the unredacted warrant of removal from 2001 to come in. Nobody objected. Go ahead. If we open the door, let it in. That didn't answer the question to the Rule 29. Was there a connection to the physical removal in 2006 to the immigration judge's order of deportation in 2001? The fact that the government was permitted now to introduce evidence of a 2001 physical removal didn't answer the Rule 29 motion. And I think – I was trying to point out – I know it's four volumes of an excerpt of record, but I was trying to point out some excerpts of records that may be helpful. In 347 through 48, I think that's where the court – the district judge said, look, this is what I'm upset about. I told you, I didn't want – I agreed with you. The government should not be allowed to introduce this physical removal in 2001. You opened the door. That was – that's what was an issue pre-trial. But that doesn't answer the question of the Rule 29. And I think that the district judge overstepped its discretion in allowing the government to reopen because the government was fully aware, both prior to trial and prior to closing its case in chief, that it had to prove that the 2006 physical removal was connected to an administrative process. Pre-trial – My understanding is that the district judge has discretion to allow either the prosecution to reopen its case in chief or, for that matter, to allow the defense to reopen its case if it forgets to prove something for whatever reason. That's correct, Your Honor. Okay. Then how can we hold that the district judge abused his discretion in allowing the government to cure a defect in its proof? The problem is – I think a Tenth Circuit case answered this well at United States v. Hinderman. The court should have the discretion if it believes that there's a mere inadvertence of presenting such evidence or if the district judge believes that there's a compelling reason. Well, the district judge changed his ruling and thought that he had somehow misled counsel. The district judge never changed his ruling. Pre-trial, at Excerpt of Record 662 and Excerpt of Record 713, the court told the government, this is what your burden is. You need to prove that there is a connection, that the 2006 physical removal was connected to an immigration judge's order. And at 662, the defense also noted that. And then, prior to the closing of the case in chief, at 267, the judge said, look, the defense can argue that there is no connection between the 2006 physical removal and the immigration judge's order or some kind of other order, like a reinstatement. So the defense can argue that, and the government is more than able and should present evidence to the contrary. It didn't. It didn't. Instead, the government rested. Then the next day, the judge said, okay, you guys do some research and think about it. The government said, we don't have that burden. All we have to prove is that he was physically removed. And then there was this long discussion between the district judge and the government, whether they really had a burden to prove evidence of a connection between the 2006 physical removal and an immigration judge's order or a reinstatement. And that's at 267 through 280. Your Honor, I don't think I have that burden. Yes, you do. Yes, you do. Yes, you do. It wasn't until after all of this that the government said, okay, I'll reopen my case. It wasn't after all of this, all of this, the fact that the government was aware of this fact, that finally it decided maybe I should present evidence of a reinstatement to the jury. And I see my time is running out, and I'd like to reserve the rest of my time for rebuttal. Sure. Good morning. Good morning, Your Honor. May it please the Court. I'm Michelle Pettit for the United States. What defense is the plaintiffs arguing, they fail to realize when this trial started, there was multiple motion hearings in which both parties discussed in full length what would be allowed in and what wouldn't. And on January 8th, defense clearly stated, at this point, I don't intend to contest the removal. That's on page 705 in Volume IV of the excerpts. At that point, the court said, fine, if that's the position that we are in, then I'm going to limit the government and make them redact the physical removal in 2001. Was that in the form of an admitted stipulation by both parties that no evidence was to come in, or was it just the court's understanding and rather loose terms? It was the court's understanding. Your Honor, I would not say it was loose terms. It was not a stipulation. But it was the playing field that the judge set out, and he did clearly limit the government in what we were initially allowed to present. And it put us in a box where when we talked about the 2006 removal, we couldn't talk about it in terms of reinstatement. We talked about it in isolation because if we had characterized the 2006 removal as a reinstatement, that would inherently then refer us back to the 2001 removal. And the judge even notes that in the record. Therefore, we were pretty much prohibited from even talking about the reinstatement. So at the point in the trial where the defense then starts cross-examining the government's witness and directly attacks that 2006 removal by asking questions about the difference between the removal being based on an immigration judge's order or being based on the director's order, then at that point, all bets were off, the door was open. What the Court and the government failed to do at that point on January 17th is really fully clarify or realize what that did to the trial and to the playing field of the trial. If you look at the record after the jury is dismissed on January 17th and the courts or the parties start discussing the instructions, this starts to come up a little bit with the defense stating that they're going to make an argument that we had not a valid removal. And that it was related because we didn't show a district director order. Well, we obviously didn't get into that in great detail in the trial because we weren't talking about a reinstatement. We were just talking about a removal. So at that point, the judge says, let's all go home, let's consider what has changed here and come back tomorrow. When we came back and both parties started discussing with the Court what the instructions should be, it was really at that point that the Court and the government realized that the playing field had extremely changed. That at this point, we had to go back and bring in all that evidence that we would have brought in if we had started on that playing field at the beginning of trial. And that's the unfairness here. And that's where the abuse of discretion standard comes. The district court was in the best position to see all the motion hearings, make all the rulings, know kind of the direction that the trial was going, and then realize at that point that the government really had been disadvantaged. I mean, the Court even uses the words that the government was absolutely and unconditionally sandbagged. And at that point, the Court did decide that it was appropriate for the government to be able to reopen their case. When the Court gave the government the opportunity to reopen it, you know, the government was still going through the legal dramatics of really what it took to prove the case  And at the point the judge really insists that we had missed something based on how he was going to instruct the jury, obviously, the government requested to reopen at the insistence of the Court, because we realized at that point the playing field had changed and we had not fully realized where we need to go with the case. So out of fairness, it was the right thing to do. Interest of justice, the government would not have been in that position, would have presented a different case. As a matter of fact, we would have presented more removals if we had been allowed to initially present what the government had requested to present. And it was only based on the defense's absolute proffer to the Court that they were not going to contest the removal, that the Court extremely limited the government's case and then disadvantaged us. And looking at the Rule 29 and whether or not we should have been reopened or been With the standard that this Court should hold the review of the reopening of the case, extremely compelling reasons, because of the disadvantage the government was placed. And the fact that if the defense had not made the representations that they would have made, the Court would not have made the limitations on the government that they made, and the playing field of the case would have been totally different. It would have been a different trial. So the district court was just trying to place the government back in the position that they would have been if they had been fairly given the information of what was going to happen. And even the defense, quite honestly, you know, it's nothing to hold against the defense, because it was actually a different attorney making the arguments in the cross-examination of the witness than who originally made the arguments at the motions hearing. So what actually happened was that the defense attorney that originally was not assigned the case was not present for the motion to eliminate hearing. He didn't have a full understanding of the case and then accidentally opened the door, which just changed the whole characterization of the trial and, therefore, was appropriate for the government to be able to reopen the case. Were the instructions appropriately channeled so that there was no possibility of a double jeopardy decision by the jury? Well, Your Honor, the government's first position is technically not double jeopardy, but in the terms of the U.C. The jury could rely on one set of facts and not the other and not the one charged? Absolutely, Your Honor. I mean, the way they tailored it, in either case, whether the removal in 2001 came in, the actual information on the removal form, or whether it did not, in both situations, it was properly tailored. The indictment clearly stated that the jury had to find a removal after 2004. Okay. So I don't think that was really an issue. If there's any further questions to the Court, I'm willing to entertain them. Thank you, Ms. Pettit. Thank you, Your Honor. Ms. Lopez. You've got about two minutes in. Thank you. I'd like to address just a couple of issues. One, we have to look at what was actually limited prior to trial. The only thing that was limited prior to trial was the physical removal in 2001. That's at ER 713. The warrant removal in 2001 was allowed in. All that was redacted was physical removal. His fingerprints, his picture, everything was there. I didn't understand that. What was the judge trying to accomplish by redacting out the physical removal? All he wanted to say was that because the judge was somewhat concerned about the double jeopardy, also because of the fact that the indictment said that the removal occurred after 2004, so he just didn't think the 2001 physical removal was all that important in relative to the case. So that's all that was redacted. After the defense allegedly opened the door, the government said, that's it. I want to produce the warrant of removal unredacted. No abjection. Go ahead. That still doesn't answer the question regarding the 2006 removal, physical removal. Was it connected to some valid administrative process? And then the government, again, cites to 705ER, saying that there was some kind of stipulation by the defense. The defense counsel said, Your Honor, at this point, and it's subject to change based on what happens with my expert, but I do not intend to contest the removal. It's somewhat unclear what the removal is, either the physical removal in 2001 or the physical removal in 2006, but then the defense counsel says, I want to introduce evidence of the physical removal in 2001. That's what they were all talking about. And regardless of whether, and I believe even the defense wasn't necessarily arguing that there was no physical removal in 2006. That wasn't really the issue. The issue was whether it was tied to a valid administrative process. Thank you. Thank you, Ms. Lopez. Ms. Bennett, thank you. The case argument is submitted.
judges: Beezer, Hall, Silverman